### IN RE EST. OTTILIA SEITZ.

JURISDICTION OF PROBATE COURT TO DETERMINE LIEN OF JUDGMENT AGAINST HEIR
IN PROCEEDING TO SELL REAL ESTATE OF DECEDENT.

A judgment against an heir and the lien acquired under Secs. 5377, 5378 Rev. Stat. against real estate inherited by her are not improperly set up in a proceeding in the probate court under Sec. 6145 Rev. Stat. to sell real estate of her deceased ancestor to pay debts; issuance of summons for the party against whom the lien was obtained is not required, nor can the order directing the administrator to pay the claim be collaterally attacked.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**SMITH, J.**

The judgment recovered against Minnie Flesher by William F. Wagner and the lien acquired upon her real estate inherited from her mother, Ottilia Seitz, under Secs. 5377 and 5378 Rev. Stat., were not improperly set up in the probate court in the suit to sell the real estate of Ottilia Seitz to pay debts.

Section 6145 Rev. Stat. provides for the determination of the equities between parties as well as the priorities of liens, and the order of the probate court merely found that the judgment of Wagner was a lien upon the interest of Minnie Flesher in the premises to be sold, and the administrator was ordered to pay the same from the balance due Minnie Flesher.

This was not such a proceeding on a cross petition asking affirmative relief as would require the issuance of a summons to bring a party into court, nor on the other hand can this finding or order be collaterally attacked.

Judgment affirmed.

**Swing** and **Giffen, JJ.,** concur.